403 Mich. 173 (1978)
267 N.W.2d 911
IN THE MATTER OF RICHARD P
IN THE MATTER OF ERNEST P
(IN THE MATTER OF P
v.
KENT COUNTY PROBATE JUDGE)
Docket No. 60039.
Supreme Court of Michigan.
Decided July 24, 1978.
Reamon, Williams, Klukowski & Craft, P.C. (by Stephen R. Drew), for Mr. and Mrs. P.
Varnum, Riddering, Wierengo & Christenson (by Dennis C. Kolenda) for Kent County Probate Judge.
PER CURIAM:
The plaintiffs have applied for leave to appeal from the decision of the probate court that they are not entitled to support subsidy payments for their children. We conclude that a Michigan Department of Social Services letter was improperly considered by the court as creating prerequisites to the award of a subsidy. We therefore remand to the probate court for further proceedings regarding the plaintiffs' eligibility for support subsidy.
I
On December 15, 1975 the plaintiffs petitioned the Kent County Probate Court to adopt two brothers who were then five and six years old. They had been in foster care for over four years and the rights of their natural parents had been terminated on June 4, 1974.
The Kent County Department of Social Services petitioned the probate court for approval of medical and support subsidies to the plaintiffs for each child under MCLA 710.48; MSA 27.3178(555.48). Following a hearing on March 4, 1976, the probate judge made a tentative finding that the children *175 were relatively hard to place, that they had been in foster care for more than four months, that the court was precluded from considering the income of the adopting parent, and that subsidies would be granted. The court deferred determining the amount of the subsidies until a later date.
Then on April 8, 1976, an order granting medical subsidy but denying support subsidy was entered. The reason for the change from the earlier finding was that the court had become aware of Michigan Department of Social Services letter addressed to child-care institutions, placement agencies, probate judges and juvenile courts which set out two guidelines for determining whether children are unadoptable without subsidies. The guidelines in the letter were that the child must have been in foster care for four months and that the child must have been available for adoption through the Michigan Adoption Resource Exchange (MARE) for a minimum of three months. It was concluded that since these children had not been listed with MARE for three months, there had been an insufficient showing that efforts had been made to place them as required by statute so as to permit a support subsidy.
The Court of Appeals denied plaintiffs' delayed application for leave to appeal on June 23, 1977.
II
The eligibility of adopting parents for medical and support subsidies is governed by MCLA 710.48; MSA 27.3178(555.48). That section provides in part:
"(1) When a petition has been filed to adopt a child, the court may pay to the adopting parent or parents, *176 without respect to the income of the adopting parent or parents, either or both of the following subsidies:
"(a) For support of the child who was in foster care for not less than 4 months prior to petition for adoption, a subsidy not to exceed the established foster care rate that could have been paid for the same child by the department.
"(b) For medical, surgical, hospital, and related expenses due to a physical, mental, or emotional condition of the child which existed before the adoption, a subsidy, which may be ordered at any time.
"(2) The court shall enter an order:
"(a) Fixing the amount in the event of a support subsidy under subsection (1)(a).
"(b) Identifying the physical, mental, or emotional condition which existed before the adoption that is to be covered by subsidy under subsection (1)(b) without fixing an amount unless known with certainty.
"(c) Requiring that all other available public moneys be used before authorization of a subsidy under subsection (1)(b).
"(d) Containing a finding by the court that placement with the petitioner is the only placement in the best interests of the child or that after taking testimony from the social agency responsible for placing the child for adoption, efforts have been made to place the child and it does not have notice of any other persons who are presently willing and qualified to adopt the child without a subsidy."
At issue in the present application is the finding, under subsection (2)(d) of the statute, that because the children had not been listed with MARE for three months there was no showing that sufficient "efforts" had been made to place the children.
We conclude that the statute was inappropriately applied. In order to award any subsidy  medical or support  the requirements of subsection (2)(d) must be met. The court's opinion indicates improper authority was accorded to the *177 Michigan Department of Social Services letter. By requiring a showing that the children were made available through MARE as a prerequisite to subsidies the probate judge elevated the letter to the status of a rule although it had not been adopted as such pursuant to the Administrative Procedures Act. MCLA 24.201 et seq.; MSA 3.560(101) et seq. Further, we are not aware of any provision of the Adoption Code that authorizes the Department of Social Services to adopt rules implementing provisions of the code.
The only statutory time period requirement to entitle adopting parents to subsidies is the minimum four-month foster care provision of subsection (1)(a). In making a final determination, the full history of placement efforts and difficulties should be considered. On proof that MARE represents a placement resource, the court may consider it as a factor. Because it appears that the probate court treated the letter as mandating listing of children with MARE as a prerequisite to subsidies we cannot sustain the conclusion.
Pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the decision of the Kent County Probate Court is reversed and the case is remanded to that court for further proceedings.
KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.